JS - 6

# O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISSION PROPERTY PARTNERS, LLC, | Case No. EDCV 12-1348-OP |
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | |
| CLAIRE KLINE, aka RHONDA KLINE, | |
| Defendant. | |

## I.

## PROCEEDINGS

On July 3, 2012, Mission Property Partners, LLC ("Plaintiff"), filed a straight-forward unlawful detainer action against Claire Kline, aka Rhonda Kline ("Defendant"), in the Riverside County Superior Court, case number SWC1201494.  (ECF No. 1 Ex A; ECF No. 4 Request for Judicial Notice.)  On August 14, 2012, Defendant filed a Notice of Removal and a Complaint for unlawful detainer and damages, after having paid the requisite filing fee.  (ECF No. 1.)  On August 20, 2012, Plaintiff filed a Motion to Remand the case for lack of subject matter jurisdiction.  (ECF No. 4.)  On September 4, 2012, Defendant filed an Opposition to the Motion to Remand.  (ECF No. 5.)

1

On September 4 and 9, 2012, the parties filed separate Statements of Consent to Proceed before the Magistrate Judge assigned to this matter pursuant to 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure.  (ECF Nos. 6, 7.)

The Court finds this matter is suitable for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  As a result, the Court vacates the hearing date set for September 26, 2012, at 9:30 a.m.  For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Remand.

## II.

### DISCUSSION

A defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  To determine whether an action arises under federal law, a court applies the "well-pleaded complaint rule."  Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998) (quoting Metro. Life. Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)).  Under this rule, a claim arises under federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005).  Federal courts also have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."  28 U.S.C. § 1332(a).

The underlying state action is a straight-forward unlawful detainer action.  (ECF No. 1 Ex A; ECF No. 4.)  Consequently, it does not present a federal question.  Even

1   assuming a federal defense to the state law claim was to be asserted, such an action does

2   not convert it to "arising under" federal law for purposes of federal question jurisdiction.

3   See Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1244, 1246 (9th Cir. 2009) (citing

4   Valles, 410 F.3d at 1075); see also Franchise Tax Bd. of Cal. v. Constr. Laborers

5   Vacation Trust for S. Cal., 463 U.S. 1, 14, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

6        Moreover, assuming diversity jurisdiction was to be asserted as a basis for

7   removal, the Court notes Plaintiff in the unlawful detainer action seeks damages which

8   do not exceed $75,000, excluding interest and costs.  (ECF No. 1 Ex. A; ECF No. 4.)

9        Accordingly, the Court finds that the current action is subject to dismissal for lack

10  of subject matter jurisdiction.  Thus, the granting of the Motion to remand is warranted.

### III.

### CONCLUSION

13       Based on the foregoing, the Court GRANTS Plaintiff's Motion to Remand.  (ECF

14  No. 4.)  This matter is REMANDED to the Superior Court of California, Riverside

15  County, 30755-D Auld Road, Murrieta, California 92563, for lack of subject matter

16  jurisdiction pursuant to 28 U.S.C. § 1447(c).  The Clerk shall send a certified copy of

17  this Order to the superior court and serve copies of this Order on the parties.

19  **IT IS SO ORDERED.**

21  DATED: September 19, 2012

    HONORABLE OSWALD PARADA
    United States Magistrate Judge

3